## Ex Parte Dávila.

### Appeal from the District Court of San Juan.

No. 76.—Decided May 12, 1904.

DOMINION TITLE—WRITTEN OR RECORDABLE TITLE.—The supplementary means of establishing the ownership of real property, by virtue of the proceedings referred to in title XIV of the Mortgage Law, may be availed of by landowners who have no written title of ownership, as well as by those who have titles which are not capable of being recorded in the Registry, but in this latter case it is necessary to prove the causes which prevent the recording of the title.

Id.—Posesión para Adquirirlo—Título—Prescripción.—Para adquirir por la prescripción ordinaria el dominio de los inmuebles, es necesario probar precisamente el tiempo de posesión, así como la naturaleza del título con que se posea.

## EXPOSICIÓN DEL CASO.

En los autos seguidos en el Tribunal del Distrito de San Juan, por el abogado Don Emigdio S. Ginorio, á nombre de Don Casimiro Dávila y Rodríguez, sobre acreditar el dominio de una finca rústica; autos pendientes ante Nos á virtud del recurso de apelación interpuesto por el promovente contra la sentencia pronunciada por el referido Tribunal de Distrito, la que copiada á la letra dice así:

"San Juan, P. R., Junio primero de mil novecientos tres.

*Resultando*: que el abogado Don Emigdio S. Ginorio solicita á nombre de Don Casimiro Dávila y Rodriguez que se declare á su favor el dominio de un predio rústico de treinta y seis cuerdas de extensión radicado en el barrio de Barrasa de la Carolina, "por carecer de título de dominio inscribible."

*Resultando*: que el presente expediente se ha sustanciado con audiencia del Fiscal y llenándose las demás formalidades de la ley.

*Considerando*: que solo pueden acudir al medio supletorio de justificar su dominio, mediante el expediente que autoriza el título XIV de la Ley Hipotecaria, los propietarios que carezcan de título escrito de dominio, y si bien puede invocarse que el título no inscribible en absoluto, debe equipararse á la carencia del mismo, es lo cierto que no se ha demostrado, ni siquiera alegado, qué motivos impiden la inscripción del título, si es que existe.

*Visto* el artículo 395 de la Ley Hipotecaria. No ha lugar á declarar justificado el dominio que se interesa. Lo acordó y firma el Tribunal; certifico. Juan Morera Martínez, Frank H. Richmond, José Tous Soto. Luis Méndez Vaz.

*Resultando*: que contra esta sentencia interpuso apelación la representación del promovente Don Casimiro Dávila, la que le fué admitida libremente y en ambos efectos y que elevados los autos á esta Superioridad con citación y emplazamiento de las partes, y personada la apelante, se dió al recurso

Id.—Possession to Acquire Same—Title—Prescription.—In order to acquire the ownership of real property by ordinary prescription, it is necessary to prove with precision the time of possession and the nature of the title by which the property is held.

## STATEMENT OF THE CASE.

This is a proceeding instituted in the District Court of San Juan by Attorney Emigdio S. Ginorio, on behalf of Casimiro Dávila y Rodríguez, for the purpose of establishing the ownership of a rural estate. The case is pending before us on an appeal taken by the petitioner from the judgment rendered by the said district court, which reads as follows:

"San Juan, Porto Rico, June 1, 1903. Attorney Emigdio S. Ginorio makes application, on behalf of Casimiro Dávila y Rodriguez, to have the ownership of a rural estate having an area of thirty-six *cuerdas,* situated ·in *barrio* 'Barrasa,' of Carolina, declared in his favor, 'on the ground that he has no recordable title of ownership.'

"The present proceedings were carried on after hearing the *Fiscal,* the other legal formalities having been complied with.

"Landowners who have no written title of ownership ·can only have recourse to the supplementary means of proving ownership by virtue of the proceedings prescribed by title XIV of the Mortgage Law, and although it may be contended that a title which is absolutely not capable of being recorded should be held equivalent to a lack of the same, the fact is that the causes which prevent the recording of the title, if any, have not been proven or even alleged.

"Having examined article 395 of the Mortgage Law, the declaration of ownership applied for is denied on the ground that the same has not been established. It was so ordered and signed by the court. I ecrtify: Juan Morera Martínez, Frank H. Richmond, José Tous Soto.—Luis Méndez Vaz."

From this judgment counsel for the petitioner, Casimiro Dávila, took an appeal, which was freely admitted both for a review and stay of proceedings,· and the record having been forwarded to this court, the parties having been cited, and the appellant having appeared, the appeal was conducted accord-

la tramitación correspondiente y se señaló día para la vista, á cuyo acto asistió el Fiscal de este Tribunal Supremo, que impugnó el recurso.

Abogado del apelante: *Sr. Ginorio.*

Abogado del Pueblo: *Sr. del Toro, Fiscal.*

El Juez Presidente, Sr. Quiñones, después de exponer los hechos anteriores, emitió la Opinión del Tribunal.

*Aceptando* los fundamentos de hecho de la sentencia apelada.

*Resultando además*: que los testigos Don Antonio Mellado y Baez, Don José Alvarez García y Don Carlos Davis Illarrasa, presentados por la parte promovente, solo declararon que era cierto y les constaba que hacía algún tiempo que su presentante Don Casimiro Dávila y Rodríguez era dueño en pleno dominio, quieta y pacíficamente, de las 36 cuerdas de terrenos señaladas en el escrito del promovente y que las adquirió en la proporción, de las personas y por los conceptos expresados en el mencionado escrito.

*Aceptando* igualmente los fundamentos de derecho de la expresada sentencia.

*Considerando*: que á mayor abundamiento no procede dictarse la declaratoria de dominio que interesa el promovente Don Casimiro Dávila, toda vez que los testigos presentados sólo declaran que es dueño en pleno dominio de las 36 cuerdas de terreno de que se trata, pero sin determinar precisamente el tiempo que lleva de posesión, ni el que poseyeron sus antecesores, ni si tenían ó nó título, y cual fuera, requisitos todos necesarios para probar la adquisición, por prescripción, del dominio de los bienes inmuebles.

*Vistos* el artículo 395 de la Ley Hipotecaria y los 1940, 1941 y 1954 del antiguo Código Civil y la Orden Judicial de 4 de Abril de 1899.

*Fallamos*: que debemos confirmar y confirmamos la sentencia apelada, con las costas al apelante.

Jueces concurrentes: Sres. Hernández, Figueras, Sulzbacher y MacLeary.

ing to the proper procedure and a day set for the hearing, at which no one appeared except the *Fiscal* of this Supreme Court, who opposed the appeal.

*Mr. Ginorio,* for appellant.

*Mr. del Toro, Fiscal,* for the People.

Mr. Chief Justice Quiñones, after stating the foregoing facts, delivered the opinion of the court.

The findings of fact of the judgment appealed from are accepted.

Moreover, the witnesses Antonio Mellado y Baez, José Alvarez García and Carlos Davis Ilarrasa, produced by the petitioner, only testified that it was true and that they knew of their own knowledge that Casimiro Dávila y Rodríguez, by whom they were introduced, had the absolute quiet and peaceable ownership of the thirty-six *cuerdas* of land described in the petition of the claimant, and that he acquired the same in the proportion, from the persons, and in the manner set forth in said petition.

The conclusions of law contained in said judgment are likewise accepted.

It is not proper to make the declaration of ownership applied for by the petitioner, Casimiro Dávila, for a further reason, inasmuch as the witnesses produced merely testify that he is the absolute owner of the thirty-six *cuerda*s of land in question, but without determining precisely the time he has been in possession, nor the time his predecessors were in possession, nor whether or not they had a title, and of what it consisted—which requirements are necessary to prove the acquisition by prescription of the ownership of real property.

In view of article 395 of the Mortgage Law, and articles 1940, 1941 and 1954 of the old Civil Code; and the Judicial Order of April 4, 1899, we adjudge that we ought to affirm and do affirm the judgment appealed from, with costs against the appellant.

Justices Hernández, Figueras, Sulzbacher and MacLeary concurred.